## Harry G. Green, Defendant in Error, v. David McGowan, Plaintiff in Error.

## Gen. No. 18,102.

1. JUDGMENT, § 114*—*when default on improperly amended return is erroneous.* Where a summons is returned as served on one defendant and not found as to all others and default is entered against the defendant served and afterwards the return is amended by erasing the name of the defendant defaulted and inserting the name of another defendant who is defaulted without notice of the change, *held* that the latter judgment should not be permitted to stand.

2. JUDGMENT, § 145*—*when affidavit to set aside a default states a meritorious defense.* Affidavit in support of a motion to vacate a default judgment, *held* to allege a meritorious defense.

Error to the Municipal Court of Chicago; the .Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 3, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

EDWARD H. MORRIS, for plaintiff in error; MARTIN J. ISAACS and T. WEBSTER BROWN, of counsel.

PERCIVAL STEELE, for defendant in error; HARVEY L. CAVENDER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought to reverse a judgment of $2,335 entered by the Municipal Court of Chicago in favor of Harry G. Green against David McGowan on a default of the said McGowan for want of an appearance.

The record shows that on March 3, 1911, a *præcipe* issued out of the Municipal Court of Chicago at the demand of Harry G. Green for a summons in *assumpsit* against David McGowan, Thomas McGinnis, Harry Belford and Robert Young, setting the damages claimed at two thousand five hundred dollars. On the same day a statement of claim and affidavit of claim were filed, setting forth that the claim was "for money lost at gambling with the defendants" at 464 South State street, Chicago, and that there was due to the plaintiff from the defendants the sum of two thousand three hundred and thirty-five dollars. A summons was issued on the same day against the four defendants named, which was returned not found as to all the defendants March 3, 1911. On March 15, 1911, an *alias* summons was issued and this on March 20, 1911, was also returned not found as to all the defendants. A *pluries* summons seems also to have been issued on March 15, 1911, returned in the same manner on March 27, 1911. Why a *pluries* should have been issued while the *alias* was still out and on the same day does not appear. March 27, 1911, another *pluries* summons was issued against the four defendants, on which the return as it now appears is:

"Served this writ on the within named defendant, David McGowan, by delivering a copy thereof to him

and at the same time informing him of the contents thereof this 1st day of April, 1911. The other within named defendants not found in the City of Chicago.

"Thomas M. Hunter, Bailiff.

"By Andrew G. Johnson, Deputy."

On April 18, 1911, Thomas McGinnis was called and defaulted and judgment entered against him for two thousand three hundred and thirty-five dollars and costs, and it was further ordered by the court that a scire facias issue against the other defendants.

May 11, 1911, on motion of the plaintiff, the order of default and judgment entered on April 18, 1911, was vacated and the cause reinstated and leave was granted "to the plaintiff to have return upon the summons herein amended *instanter.*"

May 12, 1911, David McGowan was ruled to appear *instanter*, called and defaulted and judgment entered against him for two thousand three hundred and thirty-five dollars and costs, and a writ of scire facias ordered against the other defendants.

May 25, 1911, David McGowan appeared and moved the court to vacate the order of default and judgment entered against him on May 12, 1911. This motion was heard on June 2, 1911, and McGowan presented an affidavit setting forth that he was not on April 1, 1911, or at any other time personally served with a summons in the cause; that he had no notice whatever of the pendency of said suit against him until after May 17, 1911; that about April 1, 1911, a man met him and asked him if his name was McGinnis, and said that he had a writ for McGinnis; that no writ, paper or summons of any kind was read to him or left with him or anything said to him about there being a summons for him, McGowan; that the first knowledge he had that there was a suit against him was by a letter from the plaintiff's attorney dated May 17, 1911, stating that there was a judgment against him; that on the next day he took the letter to his attorney; that he has a good defense to the suit on the merits to the whole of the plaintiff's

demands, and that neither he nor any one acting for him within two years past gambled with the plaintiff, nor won two thousand three hundred and thirty-five dollars, or any other sum of money from said Green; that he knows a man named Thomas McGinnis, but that said McGinnis and he were never interested in any gaming or betting at 464 South State street, Chicago, and that said McGinnis never at any time had any interest with him in the premises 464 South State street or any business carried on thereon.

The affidavit concludes: "This affiant is not jointly liable with the other defendants or separately indebted to the plaintiff on account of any money or property lost at gambling or any other account in any sum whatever. This affiant says that if any summons had been served upon him he would have through counsel appeared and made his defense to this suit. Affiant prays that said judgment may be vacated and set aside and he permitted to make his defense to this suit."

In connection with this affidavit the defendant McGowan presented and read to the court the return of the bailiff as originally made on the writ, showing service on McGinnis, but not on McGowan, and advanced as a further reason for allowing the motion the proposition that the statement of claim filed in the cause set up no cause of action against the defendant McGowan.

The plaintiff Green was allowed to read and file counter-affidavits, one of a personal agent who made oath to unsuccessful attempts to secure the attendance of Johnson, the deputy bailiff who made the return on the writ, and the other his own, to the effect that he, Green, saw Johnson deliver or attempt to deliver a copy of the summons in the cause to McGowan "on the date of the return of the summons in this cause as being served upon said David McGowan." He further makes oath that "if the said Andrew G. Johnson were personally present, he would testify" to the same thing.

The court then overruled the motion to vacate the judgment and to allow McGowan to defend, to which order McGowan excepted.

It needs no extended discussion of this record to show that this order must be reversed and the judgment vacated.

Passing over the points made by the plaintiff in error that the statement of claim was insufficient, and that counter-affidavits should not have been heard, both of which points, however, we think are well taken, it would set a very dangerous precedent to allow a judgment to stand taken as this one was. The writ was returned as served on one defendant and not found as to all others. The defendant reported served was defaulted. The return was afterwards changed by erasing the name of defendant defaulted and inserting the name of another defendant. Then without notice to him of any such change, the second defendant was defaulted. Leave to the plaintiff to amend the return on the summons was indeed granted between these actions of the court, but how the summons was to be amended or whether the crossing out of one name and the writing in of another was "an amendment" made by the plaintiff or the deputy bailiff or some other person, does not appear.

The affidavit of the plaintiff that he saw the deputy try to serve or serve a copy of the summons on McGowan, even if considered, adds nothing to justify the default and judgment under these circumstances; nor of course does Green's statement of what the bailiff would swear to if he were present.

The plaintiff in error on his motion to set aside the judgment to vacate the default and to allow him to defend, presented an affidavit alleging a meritorious defense. It is immaterial whether this motion was addressed to an absolute obligation of the court or to its discretion. If it was to the latter, the discretion appealed to was abused in its use.

The order denying the motion to vacate the judg-

ment against the plaintiff in error is reversed, the judgment is vacated, the default set aside and the cause remanded to the Municipal Court for proceedings which shall allow the plaintiff ,in error to defend against the suit as he may be advised.

*Reversed and remanded.*